# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-467-GPM |
| | ) |
| TCT MINISTRIES, INC., d/b/a | ) |
| TCT Television Network, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Timothy Malone brings this action against Defendant TCT Ministries, Inc. ("TCT"), d/b/a TCT Television Network pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. The Court has set out the facts of this case in a prior order. *See Malone v. TCT Ministries, Inc*., Civil No. 08-467-GPM, 2009 WL 4068011 (S.D. Ill. Nov. 24, 2009). Accordingly, it is unnecessary to repeat that recitation here, save to say that Malone is a professional director of television programs who was hired as a probationary employee by TCT, a television network headquartered in Marion, Illinois, in February 2007 and who was terminated by TCT in June of the same year before the end of his term of probationary employment. Malone alleges that he was terminated by the network because he suffers from distal myopathy, a form of muscular dystrophy that affects Malone's ability to walk and to negotiate stairs. Trial in this case is scheduled to begin November 16, 2010. Currently the case is before the Court on nine motions in limine brought by TCT (Docs. 46-53, Doc. 62). The Court will rule on the motions in the order in which they were filed.

In TCT's first motion in limine (Doc. 46), TCT seeks to exclude from evidence before trial testimony by Marvin Rhodes, a former vice president of operations at TCT who is likely to be called by Malone as a witness at trial, that TCT's physical plant was not compliant with federal laws governing accessibility of buildings to disabled persons. As TCT points out, Malone makes no claim in this case that he requested an accommodation of his disability by TCT and therefore the accessibility of TCT's studio is not an issue in the case. As TCT points out also, there is no reason for the Court to suppose that Rhodes is qualified to offer an opinion about the accessibility of TCT's studio for the disabled. TCT's first motion in limine will be granted.

In TCT's second motion in limine (Doc. 47), TCT seeks to exclude from evidence before trial testimony by Rhodes that TCT never modified its physical plant to better accommodate Malone's disability. Again, because it is not disputed that Malone never requested an accommodation of his disability by TCT, the subject evidence clearly is irrelevant. TCT's second motion in limine will be granted.

In TCT's third motion in limine (Doc. 48), TCT seeks to exclude from evidence before trial testimony by Rhodes that Malone was forced by TCT to undergo a physical examination as a condition of his employment. TCT contends that all prospective TCT employees are required to undergo such an examination, so that the fact that Malone was required to take a physical as a condition of his employment is not evidence of discrimination against him on the basis of his disability. While TCT certainly will be free to present evidence and argument at trial that a physical examination is a regular condition of any employment at the network, it is Malone's position that he was required to take a physical due to discriminatory animus. Therefore TCT's third motion in limine will be denied.

In TCT's fourth motion in limine (Doc. 49), TCT seeks to exclude from evidence before trial testimony by Rhodes concerning high definition television systems and the operation of those systems at TCT. TCT contends that Rhodes is not qualified to offer an opinion about such a subject. While it probably is the case that there are aspects of high definition television systems that Rhodes is not qualified to discuss, he has had a long career in television broadcasting and doubtless there are aspects of high definition television systems about which Rhodes is qualified to offer lay opinions. TCT's fourth motion in limine is overbroad and therefore it will be denied. *See Green v. Goodyear Dunlop Tires N. Am., Ltd.*, Civil No. 08-472-GPM, 2010 WL 747503, at *1 (S.D. Ill. Mar. 2, 2010) (quoting *Juracek v. City of O'Fallon, Ill. Police Dep't*, Civil No. 05-787-GPM, 2007 WL 3407367, at *3 (S.D. Ill. Nov. 14, 2007)) ("Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose and, 'if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context.'").

In TCT's fifth motion in limine (Doc. 50), TCT seeks to exclude from evidence before trial testimony by Rhodes that TCT violated polices or regulations of the Federal Communications Commission regarding programming for children. Such testimony has no conceivable relevance in this suit for alleged discrimination in employment by reason of a disability, and TCT's fifth motion in limine will be granted.

In TCT's sixth motion in limine (Doc. 51), TCT seeks to exclude from evidence before trial testimony by Rhodes that Malone's disability was a factor in any of TCT's employment decisions with respect to Malone. As was discussed by the Court in an order denying a motion for summary judgment by TCT, a very significant portion of the evidence that Rhodes has, and that doubtless will

be central to his testimony at trial, is that Fortune Brayfield, TCT's director of operations and Malone's supervisor during his employment by TCT, made statements to him, Rhodes, criticizing Malone's job performance on the basis of Malone's disability. *See Malone*, 2009 WL 4068011, at *5. As the Court noted at that time, this testimony by Rhodes concerning discriminatory statements by Brayfield, if credited by the trier of fact in this case, "is highly probative direct evidence of unlawful discrimination." *Id*. Because TCT's sixth motion in limine seeks to exclude relevant evidence, it will be denied.

In TCT's seventh motion in limine (Doc. 52), TCT seeks to exclude from evidence before trial testimony by Rhodes that Malone was meeting TCT's legitimate performance expectations at the time he was terminated, as indeed Malone must prove in order to prevail on his claim of discrimination in employment. *See Malone*, 2009 WL 4068011, at *2 (setting out the elements of a prima facie case of employment discrimination under the ADA). To the extent TCT seeks to exclude testimony by Rhodes about Malone's job performance after Rhodes was terminated by TCT (which occurred not long before Malone was terminated by the network), the Court agrees with TCT that Rhodes cannot testify on the basis of personal knowledge about Malone's job performance after Rhodes was terminated. As drafted, however, TCT's motion appears to seek exclusion of any testimony by Rhodes about Malone's job performance at TCT, including Malone's job performance during the period when Rhodes and Malone both were employed by TCT at the same time. Therefore, TCT's seventh motion in limine will be denied.

In TCT's eighth motion in limine (Doc. 53), TCT seeks to exclude before trial evidence by Malone that he has been damaged due to his termination through loss of health insurance and life insurance benefits and retirement benefits from TCT, as well as evidence of Malone's

"damages for use of his previously earned savings or retirement benefits from another employer[.]" Doc. 53 at 2 ¶ 7. Presumably the last-named item of damages is a reference to the fact that Malone (the Court assumes) was required to live on his savings following his termination by TCT. TCT argues that the damages at issue are not compensable under the ADA; for example, TCT argues that Malone has no claim to damages for lost insurance and retirement benefits from TCT because, as already has been noted, Malone was a probationary employee when he was terminated and had no right to such benefits from TCT. The Court does not agree. It is, of course, Malone's position that, but for his unlawful termination, he would have become vested in all fringe benefits of employment at TCT. The Court fails to see why the damages at issue are not compensable under the ADA as back pay, which typically includes, in addition to salary, fringe benefits such as vacation, sick pay, and insurance and retirement benefits. *See Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 499 (7th Cir. 2000) (back pay awards are proper under the ADA); *Crabtree v. Baptist Hosp. of Gadsden, Inc.*, 749 F.2d 1501, 1502 (11th Cir. 1985) (fringe benefits should be included in a determination of ADA back pay; thus, to make an employee whole for losses suffered on account of unlawful discrimination, back pay would include executive retirement benefits); *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 263 (5th Cir. 1974) (compensable back pay under the ADA includes interest, overtime, shift differentials, and fringe benefits such as vacation and sick pay). Naturally, the jury in this case will not be calculating Malone's back pay. *See Grayson v. Wickes Corp.*, 607 F.2d 1194, 1196 (7th Cir. 1979) (back pay is restitution and therefore is an equitable remedy). Nevertheless, Malone must put on proof in support of an award of back pay. The Court declines to exclude the evidence challenged in TCT's eighth motion in limine, which will be denied.

Finally, the Court turns to TCT's ninth motion in limine (Doc. 62). In the ninth in limine motion, TCT contends that, throughout discovery, Malone has furnished only computations of what he believes his damages are, but not the documents upon which those computations are based, such as Malone's income tax returns. TCT argues that Malone should be precluded from presenting any evidence whatever at trial regarding his damages in the form of lost wages and benefits. The Court does not agree. Malone has presented computations of his damages, and the Court believes that Malone should be permitted to testify to what he believes his damages are at trial. However, inasmuch as Malone has refused to produce any documentation of his damages in discovery, he will not be permitted to introduce any such documentation (tax returns, check stubs, etc.) at trial. The Court believes that this ruling is proportionate to Malone's failure to disclose in discovery. *See Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (quoting *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)) ("[D]istrict courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'"); *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998) (a district court need not choose the least drastic or most reasonable sanction for failure to follow discovery rules, but "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction."). The jury can give Malone's computations of his damages the weight the jury believes those computations deserve. Naturally, Malone will bear the risk that the jury might find a failure of Malone's proof as to damages, if the jury determines, for example, that those computations are incorrect or incredible. Accordingly, TCT's ninth motion in limine will be granted to the extent that Malone will be barred from putting on documentation of his damages as evidence at trial; otherwise, the motion will be denied.

To conclude, the hearing on TCT's motions in limine currently scheduled to be held on November 1, 2010, at 10:00 a.m. at the United States District Courthouse in East St. Louis, Illinois, Judge G. Patrick Murphy presiding, is **CANCELLED**. TCT's first motion in limine (Doc. 46) is **GRANTED**. TCT's second motion in limine (Doc. 47) is **GRANTED**. TCT's third motion in limine (Doc. 48) is **DENIED**. TCT's fourth motion in limine (Doc. 49) is **DENIED**. TCT's fifth motion in limine (Doc. 50) is **GRANTED**. TCT's sixth motion in limine (Doc. 51) is **DENIED**. TCT's seventh motion in limine (Doc. 52) is **DENIED**. TCT's eighth motion in limine (Doc. 53) is **DENIED**. TCT's ninth motion in limine (Doc. 62) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

DATED: October 19, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge